404 P.2d 251

**In re GREEN RIVER ADJUDICATION**

**v.**

**UNITED STATES of America, Appellant.**

**No. 10284.**

Supreme Court of Utah.

July 27, 1965.

William T. Thurman, U. S. Atty., Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., E. J. Skeen, Salt Lake City, Lee S. Nebeker, Green River, Wyo., Hugh W. Colton, Vernal, Dwight L. King, Salt Lake City, for respondent.

CROCKETT, Justice:

The United States government appeals from a decree of our Third District Court awarding rights to the use of water, surface and subsurface, within the drainage area of Green River above the confluence of, but including Pot Creek, in Daggett, Summit and Uintah Counties.

The action was initiated upon petition of water users for an adjudication of water rights as authorized by Sec. 73-4-1, U.C.A. 1953. The United States asserted ownership of and submitted for adjudication 715 water users claims which had been established under the laws of the State of Utah. Pursuant to the proposed determination of water rights prepared by the State Engineer, the District Court entered its decree adjudicating the water rights involved, which included awarding the claims mentioned to the United States.[1]

The United States accepts the decree as entered, but urges that in addition to the specific water rights it was awarded, the court should have recognized additional but unspecified water rights which may exist by virtue of Federal withdrawal of public lands and which the government may require for use in the future.

The position of counsel for the Federal government as stated in its brief is that:

"To the extent that waters within the national forests are needed for fulfillment of the purposes of the reservation, they are not subject to appropriation subsequent to the withdrawal date, 1897. This does not preclude the use of these waters by others, so long as they are not needed for the reservation. The orderly way to administer such usage would be through the appropriative laws of the State of Utah. However, the rights acquired thereunder would be vested only as against subsequent appropriation by private parties and would remain subject to the right of the United States to use the water, if and when needed for the reservation."

It is thus magnanimously conceded that private individuals have acquired their water rights adjudicated in this proceeding, but it is contended that they must always be inferior and subordinate to rights which

---

1. The United States was made a party defendant in this case by virtue of the provisions of the Act of July 10, 1952, Public Law 495, 66 Stat. 560, Sec. 208. This case was removed to the United States District Court for Utah and remanded to the Utah Third District Court. In Re Green River Drainage Area, 147 F.Supp. 127 (1956).

the government might decide at a later time to assert. Counsel argues that such rights of private parties ·

"create no vested right against the United States * * *"

and further that

"this would leave the establishment of the extent of the reserved rights [of the United States] to future determination."

It will be seen that the foregoing contention squarely poses the question whether the United States is bound by the principle of res adjudicata in a water adjudication.

 The objective of an adjudication as authorized by Sec. 73–4–1, U.C.A.1953, is to determine and settle water rights which have not been adjudicated or which may be uncertain or in dispute. To accomplish that purpose satisfactorily the judgment arrived at must have some degree of finality and solidarity. Accordingly it is essential that everyone whose rights are involved or may be affected be made parties to the proceeding; that they be required to assert whatever rights they contend they are entitled to; and that they be bound by the result for the same sound reasons that justify the doctrine of res adjudicata in other classes of cases. If the rule were otherwise the government, through its agents, could be wholly arbitrary about asserting water rights if and when it pleased. It should be obvious that if in the future the government could assert rights which could have been adjudicated in this proceeding, this decree would be without any solid foundation; the private water rights adjudicated could be made a shambles of; and the principle of res adjudicata defeated.

 It is our opinion that the United States, having become a party seeking adjudication of its rights in this proceeding, wherein the court had jurisdiction of the subject matter and the parties, is bound by the judgment to the same extent as any other party. See United States v. District Court, 121 Utah 1, 238 P.2d 1132, particularly the writer's comment concurring at 1140; also id. on rehearing, 121 Utah 18, 242 P.2d 774, particularly concurring opinion of Chief Justice Wolfe beginning at 777. Therefore, any water rights which have been or could have been claimed within this adjudication are now concluded by it. However, in order to guard against misunderstanding insofar as possible, perhaps it is not amiss to further observe that our decision should not be construed to mean that the United States, or any other party, may not assert and if necessary seek adjudication of any rights to water which may arise or which may be discovered in the future, but which for any legitimate reason were not assertable and were not adjudicated in this lawsuit.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.